UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RANDALL G. STEPHENS, | ) | CASE NO. 1:06 CV 88 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| STATE OF OHIO GOVERNOR BOB TAFT, | ) | AND ORDER |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

On January 13, 2006, plaintiff pro se Randall G. Stephens filed this action under 42 U.S.C. §§ 1981, 1983 and 1985 against Ohio Governor Bob Taft, Kenneth J. Blackwell, Bureau of Workers' Compensation, James Conrad, JoAnn Malls Maj, Kenneth E. Krouse, William Denihan, Michael Noble, Guerin Buonpane, Edward Ostrovsky, Christopher J. French and Industrial Commission of Ohio. The complaint challenges a 1975 decision and a 1981 decision of the Ohio Bureau of Workers' Compensation. For the reasons stated below, this action is dismissed.

Principles requiring generous construction of pro se pleadings are not without limits. Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). Given the most liberal

construction, the complaint does not contain allegations remotely suggesting plaintiff might have a timely and valid federal claim, or setting forth a reasonable basis for jurisdiction.[1] This action is therefore appropriately subject to summary dismissal. <u>Apple v. Glenn</u>, 183 F.3d 477 (6th Cir. 1999); <u>see</u> <u>Hagans v. Lavine</u>, 415 U.S. 528, 536-37 (1974); <u>In re Bendectin Litig.</u>, 857 F.2d 290, 300 (6th Cir.1988.

     Accordingly, this action is dismissed.

     IT IS SO ORDERED.

<u>/s/Dan Aaron Polster 2/8/06</u>
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

---

[1] The statute of limitations for bringing a 42 U.S.C. § 1983 action in Ohio is two years. <u>Browning v. Pendleton</u>, 869 F.2d 989 (6th Cir. 1989). A four year statute of limitations applies to 42 U.S.C. § 1981 claims. <u>Jones v. R.R. Donnelley & Sons Co.</u>, 541 U.S. 369 (2004).